(74 Misc. Rep. 562.)

MONTGOMERY COUNTY v. VOSBURGH.

(Supreme Court, Trial Term, Montgomery County. December, 1911.)

TAXATION (§ 549*)—COUNTY TREASURER—COMPENSATION.

A board of supervisors, under Laws 1877, c. 436, and Laws 1880, c. 233, passed in 1889 a resolution fixing the salary of a county treasurer at a certain sum, to be in full of every interest, fee, or compensation to be received by him. *Held*, that he was entitled, in addition to such salary, to the compensation subsequently provided by the Legislature by the Liquor Tax Law (Laws 1896, c. 112) for collecting taxes and issuing licenses, and also to compensation provided by Laws 1901, c. 550, being a bank tax law, for the additional duties imposed by such act.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1043–1050; Dec. Dig. § 549;* Counties, Cent. Dig. § 107.]

Action by Montgomery County against Howard Vosburgh. Motion for judgment on the pleadings denied.

J. H. Dealy, for plaintiff.
Benj. F. Spraker (Andrew J. Nellis, of counsel), for defendant.

KELLOGG, J. This is a motion for judgment upon the pleadings, made by the plaintiff in an action for the recovery of fees upon excise and bank tax moneys collected during the years 1903 and 1904, which were retained by the defendant, then county treasurer, such retention not being disputed.

The county treasurer during the years mentioned was a salaried officer; his salary having been fixed by a resolution of the board of supervisors passed in the year 1889, which provided that it should be "in full of any and every interest, fee or compensation," etc. This resolution had been passed pursuant to chapter 436 of the Laws of 1877 and chapter 233 of the Laws of 1880, which provided that county treasurers should be salaried, that they should not receive "to their own use any interest, fee or other compensation" for services, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the counties themselves should receive such fees for their own benefit.

In the year 1896 the Liquor Tax Law was passed, providing for the payment of all excise moneys to county treasurers, to be by them distributed, one-third to the state and two-thirds to the city or town from which they were received. It also provided for a percentage fee for the county treasurers "as full compensation and in full payment of all charges and expenses for collecting the taxes herein provided for and keeping the necessary reports and issuing the liquor tax certificates." Liquor Tax Law, § 14. Neither the acts of 1877 and 1880 referred to, nor the resolution of the board of supervisors providing for an exclusive salary, could prevent a subsequent Legislature from awarding to county treasurers additional compensation. That the Legislature intended by its Liquor Tax Law to award such compensation is entirely clear. Such is the plain reading of the statute. It is urged, however, that in cases of salaried treasurers it was intended that the fees should be collected by them for the benefit of their counties. The ready and conclusive answer to such an argument is the fact that in respect to excise moneys county treasurers were to perform no county duties whatever, the collection being for the state, cities, and towns exclusively. It would be somewhat extraordinary, in the absence of express words to that effect, to read into the statute a provision that collecting fees should be paid to counties upon moneys not collected by them and not collected for their benefit.

In the year 1901 the Legislature, by chapter 550, Laws of 1901, provided an entirely new system for the assessment, collection, and distribution of a uniform tax of 1 per cent. upon the capital stock of banking corporations. New duties were imposed upon county treasurers in relation to such system of taxation, and it was provided that they should receive therefor a percentage of collections for their compensation. It is contended, as to these fees, also, that they were intended to be paid for use of the counties themselves, and not for the treasurers when salaried.

Both by the Excise Law and the Bank Tax Law, duties of a novel, important, and responsible character, never before performed by county treasurers, were imposed upon such officials. It was but natural and proper that, for such additional labor, the Legislature should provide additional pay. There is no reason apparent, therefore, why the provisions of these acts, giving extra compensation to county treasurers for extra work, should not be construed according to their literal, natural, and unambiguous meaning.

The motion is denied.